UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH McKENNA,

    Petitioner,

v.                                     Case No. 8:11-cv-954-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

    McKenna commences this case with a document titled "Petition to Vacate, this is an Original Indepent [sic] Action Pursuant to F.R.C.P. Rule 60(b)(6), (d)(1)." McKenna asserts that his request is a "true 60(b) motion . . . pursuant to Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), . . . because this motion . . . does not assert a new ground for relief from his conviction and sentence or re-assert an old one, instead this motion is aimed solely at re-opening the judgment of petitioner's direct appeal of 2/11/1991 . . . ." McKenna clarifies that he "is challenging the integerity [sic] of the second district court of appeals [sic] order of 2-11-1991 denying petitioners [sic] direct appeal." The relief McKenna requests—"reverse and remand to the 2nd D.C.A."—is both improper and unfeasible.

    McKenna requests federal review of a state court judgment entered twenty years ago. Rule 60(b) is inappropriate, among other reasons, because McKenna seeks relief from a state court judgment and not from a judgment of this court. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005), (holding that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but

some defect in the integrity of the federal habeas proceedings." McKenna complains about the integrity of the state proceedings. Additionally, McKenna's requested relief is unfeasible because the Rooker-Feldman doctrine precludes a federal district court's reviewing a state court's decision.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923). Under the Rooker-Feldman doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Dale v. Moore, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. Berman v. Florida Bd. of Bar Examiners, 794 F.2d 1529 (11th Cir. 1986).

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), cert. denied, 523 U.S. 1041 (1998). The so-called "Rooker-Feldman doctrine" bars a federal district court's hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See also Christophe v. Morris, 198 Fed. App'x 818, 825 (11th Cir. 2006) (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under Rooker-Feldman).

Lastly, McKenna's earlier federal petition for the writ of habeas corpus was denied, McKenna v. Everett Perrin, 8:93-cv-384-T-RWN, and the circuit court declined issuing a certificate of appealability. McKenna's attempt to use Rule 60(b) to again challenge his conviction was rejected in McKenna v. United States of America, 8:05-cv-2048-T-27MAP based on Gonzalez (the case McKenna cites in supporting his position),

which case specifically recognizes that a petitioner cannot use Rule 60 to circumvent the preclusion against second or successive challenges.

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

Gonzalez v. Crosby, 545 U.S. at 531-32. McKenna cannot challenge his conviction without permission from the circuit court to file a second or successive petition, and he cannot use Rule 60 to have a federal court "reverse and remand" a state appellate court's decision.

Accordingly, the "Petition to Vacate" (Doc. 1) is **DENIED**. The motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED** as moot. The clerk shall enter a judgment against McKenna and close this case.

ORDERED in Tampa, Florida, on May 6, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE